**Slip Op. 05-55**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                          :
FORMER EMPLOYEES OF WEST SIDE             :
STITCHING, INC and WYOMING WOOD           :
PRODUCTS, INC.                            :
                                          :
            Plaintiffs,                   :
                                          :   Court No. 04-00410
      v.                                  :
                                          :
UNITED STATES SECRETARY                   :
OF LABOR,                                 :
                                          :
            Defendant,                    :
                                          :
_____ :

**JUDGMENT**

On March 30, 2004, a petition for trade adjustment assistance ("TAA") benefits was filed jointly by the respective presidents of West Side Stitching, Inc. and Wyoming Wood Products, Inc. (collectively "plaintiffs") on behalf of the companies' former employees. Plaintiffs filed a summons and complaint with the court appearing pro se. On October 6, 2004, the Court granted the United States Department of Labor's ("Labor") Consent Motion for Voluntary Remand. On December 9, 2004, Labor filed with the Court: (1) the Public and Confidential Administrative Records; (2) Notice of Negative Determination on Remand ("Negative Remand Determination I"), TA-W-54, 635 (Dep't Labor Dec. 2, 2004); and (3) Notice of Negative Determination on Remand ("Negative Remand Determination II"), TA-W-54, 636 (Dep't Labor Dec. 2, 2004).

In both determinations, Labor found that plaintiffs had been involved in the production of motion furniture. Labor also found that there was an increase in the importation of lift mechanisms. Labor, however, concluded that the imported lift mechanism used in the production of motion furniture is not a product like or directly competitive with the motion furniture formerly produced by plaintiffs. See Negative Remand Determination I. Consequently, Labor determined that Former Employees of Westside Stitching, Inc. were not eligible to receive trade adjustment assistance ("TAA") benefits. Moreover, Labor concluded in Negative Remand Determination II that Former Employees of Wyoming Wood Products, Inc., who had filed as an adversely affected secondary group, were also not eligible for TAA benefits. Labor noted that for

secondarily trade-affected workers to be eligible for TAA benefits, such workers must be employed by a company that produces or supplies component parts for articles that were the basis for certification of a group of primarily trade-affected workers. Here, the primarily trade-affected workers were not certified for TAA benefits and, therefore, the secondary workers were also deemed ineligible. See id.

Plaintiffs did not file comments to the remand determination. On March 23, 2005, the Court issued an order directing plaintiffs to show cause why this action should not be dismissed. Plaintiffs did not respond to the Court's Order.

Plaintiffs have appeared before the Court pro se and as representatives of workers who may be eligible for TAA benefits. It is unclear whether such workers are even aware of the availability of TAA benefits or that a TAA petition has been filed on their behalf. It is also unclear, at this point, whether those workers are aware of their legal rights or the procedural obligations attached to moving forward with preserving such rights.

In the interest of protecting the substantive rights of the former employees of West Side Stitching, Inc. and Wyoming Wood Products, Inc., and because plaintiffs have failed to show cause why this action should not be dismissed, it is hereby

**ORDERED** that pursuant to USCIT R. 41(b)(3) & (5) this case is dismissed for lack of prosecution without prejudice.

           /s/ Nicholas Tsoucalas
           NICHOLAS TSOUCALAS
           SENIOR JUDGE

Dated:    May 6, 2005
          New York, New York